Opinion by SHARPE, J.

---

# New York Steam Dye Works v. Frazier.

APPEAL from Birmingham City Court.
Tried before the Hon. W. W. WILKERSON.

JAMES A. MITCHELL, for appellant.

R. B. EVANS, for appellee.

This was a statutory trial of the right of property. The appellant brought an action against one W. S. Wheeler as his tenant, to recover rent due, and levied the attachment upon certain property in said store house occupied by the defendant, and upon the levy of the writ of attachment upon the property, the appellee, Z. D. Frazier, interposed his claim thereto. There was judgment in said court in favor of the claimant, and the plaintiff appeals.

The material and practically the only question in the case, as presented on this appeal, is as to whether the property levied upon was subject to the landlord's lien for rent.

The evidence shows without conflict that the plaintiff rented from the defendant a store-room in which he carried on a small mercantile business; and that the original stock was furnished to the defendant by the claimant in the following manner: The defendant being in needy circumstances, and the claimant desiring to assist him in

some way, told the defendant to select his stock of coffees, teas, &c., and that he, the claimant, would pay for them, and the defendant could have all of the profits of the business, and in this way get a start in life. The defendant made the selection, bought the goods in his own name and carried the bills to the claimant who gave the defendant the money to pay for them. Claimant never saw the goods, and out of the proceeds of the sale the defendant lived; and occasionally from the proceeds replenished the stock. The defendant carried on his business in the name of the New Orleans Spice Company, he alone constituting the company. Both the claimant and defendant testified that there was no partnership existing between them, nor was there any agency. It is shown that the claimant knew of the rental of the store house from the plaintiff by the defendant, and of the name in which the defendant was carrying on the business. The plaintiff had no knowledge or notice of the manner in which the goods were purchased by the defendant, nor of the arrangements between defendant and claimant. The defendant testified that he did not borrow the money from the claimant, but that the goods were bought by the claimant in order to help the defendant. The court holds that under the foregoing facts there is no doubt that the property levied upon, which was in the storehouse rented by the defendant from the plaintiff was subject to the landlord's lien for rent, and that, therefore, the affirmative charge requested by the plaintiff, should have been given.

The judgment of the city court is reversed and the cause remanded.

Opinion by DOWDELL, J.